**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**SCOTT R. ZABRISKIE,**

**-vs-**  Case No. 6:10-cv-384-Orl-18DAB

**BOB HANSELL also known as Sheriff of Osceola, JOHN DOE NO. 1, JOHN DOE NO. 2, JOHN DOE NO. 3, JOHN DOE NO. 4, JOHN DOE NO. 5,**

        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO APPEAR IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** March 12, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **dismissed.**

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be

considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Nonetheless, Plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955.

Here, Plaintiff purports to state a cause of action against the Sheriff of Osceola County and various "John Does," arising out of an alleged arrest occurring on March 13, 2006, while he was working as a landscaper (Doc. No. 1 at pp. 5-6). The Court takes judicial notice, however, of a prior complaint filed by Plaintiff and currently pending in this Court, in which Plaintiff alleges that he was arrested by a different officer on January 14, 2006, and "suffered false imprisonment longer than 60 days . . ." as a result of that arrest. *See* Case No. 6:10-cv-70-PCF-KRS; *Scott Ray Zabriskie v. City of Kissimmee Police Department, et al.,* Doc. No. 1; ¶¶ 13-18.

Plaintiff cannot have been out working on March 13 if he was being "held at the Osceola County Jail" and falsely imprisoned for at least 61 days from his January 14 arrest. Plaintiff is bound

by his representation in the *City of Kissimmee* case, and cannot maintain this factually inconsistent position. The current action is therefore frivolous.

It is **respectfully recommended** that the application be **denied** and the Complaint be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 17, 2010.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy