# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SCOTT R. ZABRISKIE,**

**-vs-**                                                                          **Case No. 6:10-cv-384-Orl-28DAB**

**BOB HANSELL also known as Sheriff of Osceola, JOHN DOE NO. 1, JOHN DOE NO. 2, JOHN DOE NO. 3, JOHN DOE NO. 4, JOHN DOE NO. 5,**

        **Defendants.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**     **March 12, 2010**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Complaint be dismissed**.

*History*

As set forth in prior Order (Doc. No. 24), Plaintiff, a frequent filer of *pro se* complaints in this division, seeks to proceed as a pauper in order to prosecute this action, which is one of a series of actions alleging strikingly similar conduct. In *Zabriskie v. City of Kissimmee Police Department, et al.*, Case No. 6:10-cv-70-Orl-PCF-KRS, Doc. No. 1 (M.D. Fla. Jan. 12, 2010) ("Zabriskie I"), Plaintiff originally alleged that on January 13, 2006, he was unlawfully arrested, beaten repeatedly, and jailed

for longer than sixty days. In the instant action, *Zabriskie v. Bob Hansell, also known as Sheriff of Osceola County, et.al.*, Case No. 6:10-cv-384-Orl-JA-DAB, Doc. No. 1 (M.D. Fla. Mar. 12, 2010) ("Zabriskie II"), Plaintiff alleges that on March 13, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty days. *Id.* at ¶¶ 13, 16, 21. In *Zabriskie v. Hess, Inc., Bob Hansell, also known as Sheriff of Osceola County, et. al.*, Case No. 6:10-cv-622-Orl-GKS-GJK, Doc. No. 1 (M.D. Fla. April 26, 2010) ("Zabriskie III"), Plaintiff alleged that on April 24, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty days. In *Zabriskie v. 7-11, Inc., City of Orlando a/k/a/ Orlando Police Department, et al.,* Case No. 6:10-cv-1090-Orl-22DAB, Doc. No. 1 (M.D. Fla. July 22, 2010) ("Zabriskie IV"), Plaintiff alleged that on July 22, 2006, he was unlawfully arrested, beaten repeatedly, and jailed for longer than sixty days. In *Zabriskie v. John Does and City of Orlando, a/k/a Orlando Police Department,* Case No. 6:11-cv-0061-GKS-KRS, Doc. No. 1(M.D. Fla. Jan. 14, 2011) ("Zabriskie V"), Plaintiff alleged that on December 14, 2006, he was unlawfully arrested, beaten, and jailed for longer than sixty days. In state court, Plaintiff filed *Zabriskie v. University of Central Florida, University of Central Florida Police Department, et al*, which was removed to this Court as Case No. 6:11-cv-1504-JA-KRS, Doc. No. 1(M.D. Fla. Sept. 12, 2011) ("Zabriskie VI"). In that case, Plaintiff alleged that on August 24, 2007, he was yet again illegally detained, assaulted and falsely imprisoned. [1]

By prior report, the Court noted the factual inconsistency with respect to the dates of incarceration apparent on the face of the Complaints in *Zabriskie I* and the instant action (Doc. No. 5) and recommended denying the instant motion, and dismissal of the Complaint as frivolous. The District Court adopted the recommendation and dismissed the action (Doc. No. 11). Plaintiff appealed

---

[1] Plaintiff has filed other actions, as well. *See Zabriskie v. Court Administration of the Ninth Judicial Circuit, et al.*, Case No. 6:05-cv-1394-Orl-22JGG and Case No.6:03-cv-1856-ACC-KRS; *Zabriskie v. Sec'y Department of Corrections*, Case No. 6:11-cv-490-MSS-DAB.

(Doc. No. 12). The Eleventh Circuit Court noted that *after* the dismissal, Plaintiff amended his Complaint in *Zabriskie I,* to resolve the inconsistency. [2] (Doc. No. 21). Although the appellate court found that the District Court "did not abuse its discretion when it dismissed the instant case nor when it did not *sua sponte* offer Zabriskie an opportunity to amend the complaint in the *City of Kissimmee* case, because the complaint in this case was implausible on its face, and Zabriskie failed to resolve the inconsistency after it was pointed out to him by the district court," it nevertheless vacated the District Court's order dismissing the case, and remanded the matter (Doc. No. 21). The case was reopened and the instant motion was reinstated, and referred again to the undersigned (Doc. No. 23).

In reviewing the history of this case and related cases in order to address the merits of the motion, the Court noted that Plaintiff had placed his mental status at issue. In *Zabriskie v. Secretary, Department of Corrections, et al.,* Case No. 6: 11-cv-490-MSS-DAB, Plaintiff states that he entered an "insanity plea" of "not guilty by reason of insanity," to what appears to be a 2007 state felony battery charge, and also noted that he applied for postconviction relief due to "mental disability." Plaintiff claims to have been "legally insane" at the time of the offense and plea bargain, and references a December 15, 2007 "uncontested" physician evaluation which concluded "that I was not in my right mind at the time of the law library incident." (Doc. No. 1 in that case). To the extent Plaintiff represented that he has been determined to be mentally incompetent by a physician, the Court found reason to further inquire as to his mental status, pursuant to the terms of Rule 17, Federal Rules of Civil Procedure (2011), and directed Plaintiff to file the December 15, 2007 physician evaluation, and any other information pertinent to his current mental status, sufficient to allow the Court to determine whether Plaintiff is able to proceed in this matter (Doc. No. 24). Plaintiff belatedly did so, under seal, in *Zabriskie v. Secretary, Department of Corrections, et al.,* Case No. 6: 11-cv-490-MSS-

---

[2]The Amended Complaint in *Zabriskie I* now alleges false imprisonment "between 01/13/2006 and 3/09/2006." (*Zabriskie I,* Doc. No. 22).

DAB. The Court has reviewed that filing and Plaintiff's response filed in this case, and takes notice of Plaintiff's position that he is competent to proceed here and that "the time frame of the requested information is so far removed from this case as to be irrelevant in this matter." (Doc. No. 25). The Court accepts that representation for present purposes, and addresses the motion for pauper status on the merits.

For the reasons set forth below, the Court **respectfully recommends** that the motion be denied, and the Complaint be dismissed.

*Issues and Analysis*

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed in forma pauperis. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id. (quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Nonetheless, Plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955.

Here, in a Complaint filed in 2010, Plaintiff purports to state a cause of action against the Sheriff of Osceola County and various "John Does," arising out of an alleged arrest occurring on March 13, 2006, while he was working as a landscaper (Doc. No. 1 at pp. 5-6). Plaintiff specifically claims that he "suffered false imprisonment longer than 60 days." (Doc. No. 1 at p. 7). The Court takes judicial notice, however, of the 2010 complaint filed by Plaintiff in *Zabriskie III,* in which Plaintiff alleged that on April 24, 2006, he was unlawfully arrested while on his way to work. *See* Case No. 6:10-cv-622-GKS-GJK, *supra.* If Plaintiff was out working on April 24, 2006, however, he could not have been "held at the Osceola County Detention Facility" and falsely imprisoned for at least 61 days from a March 13, 2006 arrest, as alleged here. In view of Plaintiff's asserted competency, he is bound by his representation in the now closed *Zabriskie III* case, and cannot maintain this factually inconsistent position here. The current action is therefore frivolous on its face. It is **respectfully recommended** that the application be **denied** and the Complaint be **dismissed.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 27, 2011.

          *David A. Baker*
          DAVID A. BAKER
          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy